```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CURTIS BESS,

                              Plaintiff,
        -against-

NEW YORK CITY POLICE DEPARTMENT;            **MEMORANDUM**
JOHN DOE ARRESTING DETECTIVE #1,            **AND ORDER**
Caucasian (heavyset, 5' 10" Homicide Unit); 11-CV-5205 (WFK)(LB)
JOHN DOE ARRESTING DETECTIVE #2;
Caucasian (medium build, 5'5" Homicide Unit);
UNKNOWN CAB/LIVERY SERVICE
DRIVER (crashed in N.Y.P.D. vehicle);
UNKNOWN CAB/LIVERY SERVICE
COMPANY,
                              Defendants.
-----------------------------------------------------------X
```

**William F. Kuntz, II, United States District Judge:**

Plaintiff, currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming that on the date of his arrest, September 16, 2011, as he was being transported to the precinct, he was injured and refused medical treatment when the police vehicle in which he was traveling was involved in a traffic accident with defendant taxi or livery cab. Plaintiff sues the arresting officers, the New York City Police Department, the cab or livery driver and the driver's employer. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against New York City Police Department (NYPD) and the cab or livery driver and company are dismissed. Plaintiff's claims against the arresting officers may proceed as set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

1

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999); 28 U.S.C. § 1915(e)(2). The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

**Discussion**

To prevail on a Section 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. See 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

**A. 42 U.S.C. § 1983 Claim Against New York City Police Department Dismissed**

The NYPD is a non-suable agency of the City. Jenkins v. City of New York, No. 06CV0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the

2

name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Therefore, the complaint against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### B. 42 U.S.C. § 1983 Claim against Private Defendants Dismissed

Plaintiff names as defendants "Unknown Cab/Livery Service Driver" and "Unknown Cab/Livery Service Company" Neither of these private parties, regardless of their actual names, act under color of state law within the meaning of 42 U.S.C. § 1983. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Academy v. Tennessee, 531 U.S. 288, 304-05 (2001) (discussing whether athletic association was state actor within reach of § 1983); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). Therefore, plaintiff fails to state a claim against defendants unknown cab/livery service company or its driver involved in the September 16, 2011 accident, and the 42 U.S.C. § 1983 claims against them are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. John Doe Arresting Detectives

Plaintiff has, however, alleged facts sufficient to proceed against the two "John Doe Arresting Detectives" employed by the 67th Precinct Homicide Unit who were in the police vehicle with him on September 16, 2011 and allegedly refused him medical treatment after the accident. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997)(*per curiam*), the Court

requests that Corporation Counsel ascertain the full names and service addresses of the detectives who were involved in plaintiff's arrest on September 16, 2011. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the September 16, 2011 arresting detectives and the within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

**Conclusion**

Accordingly, plaintiff's complaint against defendants New York City Police Department and the defendants "unknown cab/livery service company" and "unknown cab/livery service driver" is dismissed. 28 U.S.C. §§ 1915A;1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

Plaintiff's complaint against the remaining defendants may proceed. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the arresting officers within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
November 2, 2011